IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY CLARKE,

    Plaintiff,                           No. CIV S-05-00702 ALA P

    vs.

A.K. SCRIBNER, et al.,

    Defendants.                        <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983.

      Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, this Court must screen complaints brought against a governmental entity or officer or employee of a governmental entity. The Court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this Court] must accept [Plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

1

that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006). This Court will examine each of Plaintiff's claims to determine if they are sufficient under § 1915(A)(b).

**I**

Plaintiff's first claim is that prison officials took plaintiff's property without just compensation in violation of the Takings Clause of the Fifth Amendment. Second Amended Complaint at 23.

The Takings Clause of the Fifth Amendment provides that, "private property [shall not] be taken for public use, without just compensation." U.S. CONST. AMEND. V. "Although originally intended as a limitation only on the federal government . . . the Takings Clause has long been held to apply to the States through the Due Process Clause of the Fourteenth Amendment." *Schneider v. Cal. Dept. of Corrections*, 151 F.3d 1194, 1198 (9th Cir. 1998) (citations omitted). Plaintiff must first show he possessed a constitutionally protected "property interest" in order to state a claim under the Takings Clause. *Id.* A reviewing court will not proceed to determine whether the expropriation of that interest constituted a "taking" under the Fifth Amendment, unless Plaintiff possessed such an interest. *Id.*

Plaintiff has failed to allege facts that demonstrate a constitutionally protected "property interest." Plaintiff merely alleges that property was taken and not returned. Plaintiff does not provide information as to the nature of the property or as to what constitutionally protected "property interest" Plaintiff possessed in that property.

**II**

Plaintiff's second claim is that defendants obstructed Plaintiff's filing appeals in violation of the First and Fourteenth Amendments. Second Amended Complaint at 23. In his complaint,

Plaintiff cites numerous administrative appeals which Plaintiff filed concerning the actions of prison staff. Plaintiff also states that, "in response to his repeated grievances, he was: retaliated against, in the form of false CDC 115 Reports-----filed against him, confiscation and destruction, of his personal property, in violation of the [F]irst [A]mendment. And that each defendant, and all of them, collectively conspired to chill the effects of [Plaintiff's] exercise of his First Amendment rights through actions that do not advance any legitimate penological (sic) goals . . ." *Id.* at 10-11. Further, Petitioner states that, "[Petitioner] allege (sic) that Defendants through well thought out policy prevented him from filing grievances" and that there is an unwritten "code of silence" that prevents Petitioner and other prisoners from accessing the courts. *Id*. at 11.

Plaintiff has failed to allege facts that demonstrate a violation of Plaintiff's First or Fourteenth Amendment rights. Plaintiff has not indicated how any specific defendant acted to inhibit Plaintiff's exercise of his rights under the First or Fourteenth Amendment. Further, while Plaintiff alleges a "code of silence" that prevents prisoners from accessing the courts, Plaintiff provides no further information. Plaintiff also does not explain how he has been able to communicate with this court.

### III

Plaintiff's third claim is that Defendants were deliberately indifferent to his serious medical needs, causing unnecessary pain and suffering. Amended Complaint at 23-24. Plaintiff alleges that Defendants Friedman and Burr denied Plaintiff medical treatment and pain medicine. *Id.* at 12. Plaintiff also alleges that Defendant Tait refused to give Plaintiff his prescribed medication. *Id.*

"'The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eight Amendment.'" *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). "A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent

3

to a prisoner's medical needs." *Id.* at 1057.

"In the Ninth Circuit, the test for deliberate indifference consists of two parts." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.''" *Id.* (quoting *McGuckin*, 974 F.2d at 1059). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* A plaintiff can show a defendant's response was deliberately indifferent by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059).

"A prison official acts with 'deliberate indifference . . . only if [he or she] knows of and disregards an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d 1057. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'[D]eliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm.'" *Id.* at 1057 n.4 (quoting *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003)).

Plaintiff's allegations are sufficient to support a claim of deliberate indifference as to Defendants Friedman, Burr and Tait.

**IV**

Plaintiff's fourth claim is that Defendants have violated Plaintiff's rights under the Eighth and Fourteenth Amendment by subjecting him to unsanitary living conditions. Plaintiff specifically alleges that Defendant Escamilla withheld cleaning supplies to clean Plaintiff's

4

living quarters from September 4, 2005 until February 12, 2007.  Second Amended Complaint at 13.

"A prisoner can state a § 1983 claim against prison personnel under the [E]ighth [A]mendment by establishing that the prison personnel acted with 'deliberate indifference' in creating the condition that violates the [E]ighth [A]amendment.  The 'deliberate indifference' standard requires proving some degree of 'individual culpability,' but does not require proof of an express intent to punish.  Thus, to establish a deprivation of their [E]ighth [A]mendment rights by a particular prison official, the inmates . . . must establish the prison official's deliberate indifference to the inmates' need for an environment compatible with 'the evolving standards of decency that mark the progress of a maturing society.'"  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

As to this claim, Plaintiff's allegation is sufficient to support a claim of deliberate indifference as to Defendant Escamilla.

**V**

Plaintiff's fifth claim is that Defendants violated Plaintiff's right to religious freedom under the Religious Land Use And Institutionalized Persons Act ("RLUIPA").  Plaintiff specifically alleges that Defendant Campbell refused to allow Plaintiff access to the prison dinning hall unless Plaintiff removed his religious head covering.  Second Amended Complaint at 14.  Plaintiff also claims that non-Muslim inmates are allowed to wear their religious attire in the dinning hall.  Second Amended Complaint at 7.

/////

RLUIPA provides that . . .

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--

5

>(1) is in furtherance of a compelling governmental interest; and
>
>(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1. Plaintiff's allegation is sufficient to support a claim of violation of Plaintiff's religious freedom as protected by RLUIPA as to Defendant Campbell.

## VI

Plaintiff's sixth claim is that Defendants violated Plaintiff's First Amendment rights. Specifically, Plaintiff alleges that as a result of Plaintiff filing an administrative grievance, Defendant Witherspoon obstructed Plaintiff's outgoing mail and inmate appeals and threatened Plaintiff with disciplinary action. Second Amended Complaint at 15, 25.

"Of fundamental import to prisoners are their First Amendment rights to file prison grievances, and to pursue civil rights litigation in the courts. Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (citations omitted). As such, Plaintiffs allegations are sufficient to support a claim that Defendant Witherspoon's actions violated Plaintiff's rights under the First Amendment.

## VII

Plaintiff's seventh claim is that Defendants have violated Plaintiff's rights under the Equal Protection Clause. Second Amended Complaint at 25. Specifically, Plaintiff alleges that Defendant Pina discriminated against Plaintiff by targeting Plaintiff for searches and by forcing Plaintiff to change housing units because Plaintiff is an African American. *Id*. at 19.

To establish a violation of the Equal Protection Clause, a prisoner must present evidence of discriminatory intent or purpose. *See Washington v. Davis*, 426 U.S. 229, 239-41 (1976)

(explaining that disparate impact merely has evidentiary value and as a result, absent a "stark" pattern of invidious discrimination, impact is not determinative).  Plaintiff has failed to allege facts that demonstrate the actions of Defendant Pina, or any other defendant, where the result of an invidious discriminatory intent or purpose.

### VIII

Plaintiff's eighth claim is that Defendants have conspired to act for the purpose of depriving Plaintiff of his rights under the Equal Protection Clause.  Second Amended Complaint at 25.  A conspiracy is, "[a]n agreement by two or more persons to commit an unlawful act, coupled with an intent to achieve the agreement's objective, and . . . action or conduct that furthers the agreement; a combination for an unlawful purpose."  Black's Law Dictionary, (8th ed. 2004).  Plaintiff has failed to allege facts that demonstrate that any of the Defendants conspired to act against Plaintiff.

### IX

Plaintiff's ninth claim is that Defendants failed to prevent the above alleged conspiracy.  Second Amended Complaint at 26.  Again, Plaintiff has not alleged facts that demonstrate any conspiracy or any failure to prevent a conspiracy.

### X

Plaintiff's tenth claim is that Defendants Adams and Tilton failed to adequately train or supervise the other Defendants resulting in harm to Plaintiff.  Second Amended Complaint at 26.

The Ninth Circuit has "found supervisorial liability under § 1983 where the supervisor was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Edgerly v. City and County of S. F.*, Nos. 05-15080, 05-15382, _ F.3d _; 2007 WL 2034040, at *11 (9th Cir. July 17, 2007) (internal quotation marks omitted).  "Thus, supervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct

7

that showed a reckless or callous indifference to the rights of others." *Id.* (internal quotation marks omitted). Plaintiff has failed to allege facts that demonstrate Defendants Adams or Tilton personally participated in the alleged constitutional violations or caused the alleged constitutional violations through their individual actions. Plaintiff has not even alleged that Defendants Adams or Tilton were aware of his alleged treatment by the other named Defendants. Thus, Plaintiff has not pleaded sufficient facts to support an allegation of a failure to adequately train or supervise as to Mr. Adams or Mr. Tilton.

**XI**

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, Plaintiff is informed that the court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against Defendants Adams, Brooks, Ortiz, Cano, Cisneros, Howard, Jones, Kavanaugh, Marin, Mendoza, Pina, Rangell, Robertson, Rocha, Scalia, and Torres and are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty-five days from the date of service of this Order. Failure to file an amended complaint will result in these Defendants being dismissed from this action.

2. Service is appropriate for the following Defendants:

    a. Burr

    b. Campbell

    c. Escamilla

    d. Friedman

    e. Tait

    f. Whitherspoon

3. The Clerk of the Court shall send Plaintiff 6 USM-285 forms, one summons, an instruction sheet and a copy of the Second Amended Complaint filed March 28, 2007.

4. Within thirty-five days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. 7 copies of the endorsed complaint filed March 28, 2007.

5. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some Defendants or dismiss those remaining Defendants.

DATED: September 11, 2007

                                           /s/ Arthur L. Alarcón
                                           UNITED STATES CIRCUIT JUDGE
                                           Sitting by Designation