1

2              IN THE UNITED STATES DISTRICT COURT

3            FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6    ANTHONY CLARKE,

7         Plaintiff,              1:05 CV 00702 OWW YNP SMS (PC)

8       vs.                       FINDINGS AND RECOMMENDATION

9

10   A. K. SCRIBNER, et al.,

11        Defendants.

12

13

14        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

15   U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

16   U.S.C. § 636(b)(1).

17        By order filed July 13, 2009, Plaintiff was granted a third extension of time in

18   which to file an amended complaint.  Plaintiff has failed to file an amended complaint within the

19   thirty days granted.

20        Local Rule 11-110 provides that "failure of counsel or of a party to comply with

21   these Local Rules or with any order of the Court may be grounds for the imposition by the Court

22   of any and all sanctions . . . within the inherent power of the Court." District courts have the

23   inherent power to control their dockets and "in the exercise of that power, they may impose

24   sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,

25   782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a

26

1   party's failure to prosecute an action, failure to obey a court order, or failure to comply with local

2   rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance

3   with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

4   to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439,

5   1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs

6   to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

7   1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

8   1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

9   rules).

10          In determining whether to dismiss an action for lack of prosecution, failure to obey a

11   court order, or failure to comply with local rules, the court must consider several factors: (1) the

12   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

13   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

14   their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;

15   Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

16   46 F.3d at 53.

17          In the instant case, the court finds that the public's interest in expeditiously resolving this

18   litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third

19   factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

20   injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.

21   Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring

22   disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal

23   discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order

24   will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v.

25   Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.

26

1    Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for

2    plaintiff's failure to obey a court order

3        These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

5    twenty days after being served with these findings and recommendations, plaintiff may file

6    written objections with the court.  Such a document should be captioned "Objections to

7    Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

8    objections within the specified time waives all objections to the judge's findings of fact.  See

9    Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the

10   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

11   F.2d 1153 (9th Cir. 1991).

12   IT IS SO ORDERED.

13   **Dated:    August 17, 2009**                    /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26