IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY CLARKE, | ) | No. CV-F-05-702 OWW/YNP/SMS |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | DEEMED MOTION TO REOPEN TIME |
| Plaintiff, | ) | TO APPEAL AND DIRECTING |
| | ) | CLERK OF COURT TO SERVE |
| vs. | ) | ORDER ON THE NINTH CIRCUIT |
| | ) | |
| | ) | |
| A.K. SCRIBNER, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

By Order filed on December 9, 2009, the Ninth Circuit construed Plaintiff's Notice of Appeal filed on November 2, 2009 as a motion to reopen the time to appeal pursuant to Rule 4(a)(6), Federal Rules of Appellant Procedure, and remanded to this Court to rule on Plaintiff's motion.

A notice of appeal in a civil action must be filed with the district court within 30 days after the judgment is entered. Rule 4(a)(1)(A), Federal Rules of Appellate Procedure. Rule 4(a)(6) grants discretion to the district court to reopen the time to file a notice of appeal. Rule 4(a)(6) provides in

1

pertinent part:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
>
> (A) the motion is filed within 180 days after the judgment ... is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
>
> (B) the court finds that the moving party was entitled to notice of the entry of judgment ... sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>
> (C) the court finds that no party would be prejudiced.

The decision to reopen pursuant to Rule 4(a)(6) is discretionary with the court even if all of the preconditions listed in the rule are satisfied. *Arai v. American Bryce Ranches Inc.*, 316 F.3d 1066, 1069 (9th Cir. 2003). However, in exercising that discretion, the court may not consider the underlying merits of the appeal. *Id.* at 1070.

By Order filed on September 14, 2009, this action was dismissed without prejudice for failure to prosecute. (Doc. 72). Judgment was entered on September 14, 2009. (Doc. 73). Both the Order and the Judgment were served on Plaintiff by mail at the address provided by Plaintiff in this action.

In his deemed motion to reopen the time to appeal, Plaintiff asserts:

> Plaintiff was released from Lancaster State Prison June 4, 2009, without a home address.

1
2
3
4
5
6
>               When the Court Orders arrived at the
>               Lancaster address they were sent to Parole
>               Office (REG III South Central #4 2444 S.
>               Alameda St. 2nd Fl Los Angeles, Ca 90058).
>               The state never gave me notice when they
>               understood I had no address I could parole
>               to.  I did not actually receive the August
>               17, 2009 findings and recommendations.  Also,
>               on <u>October 27, 2009</u>, I received the final
>               judgment while incarcerated at Lancaster
>               Prison.

**Attached to Plaintiff's deemed motion is a copy of an envelope from this Court with the address of Plaintiff's parole office apparently superimposed over Plaintiff's address.  The parole office address is crossed out and there are notations "9/30 LAC" and "RECEIVED IN THIS CONDITION CSP-LAC MAILROOM Oct 27 2009."**

**Plaintiff has established all of the required conditions of Rule 4(a)(6).  Plaintiff's Notice of Appeal was filed on October 28, 2009 pursuant to the "mailbox" rule; he did not receive the Judgment within 21 days of entry of judgment; and, because the action was dismissed due to Plaintiff's failure to file an amended complaint as required by Court order, no party will be prejudiced if Plaintiff is permitted to reopen the time to appeal.**

**For the reasons stated:**

**1.   Plaintiff's deemed motion to reopen the time to appeal is GRANTED;**

**2.   The Clerk of the Court is directed to serve a copy of this Order on the Ninth Circuit in Ninth Circuit Case No. 09-17492.**

*///*

IT IS SO ORDERED.

**Dated:     December 17, 2009**                     **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE